[No. G036169. Fourth Dist., Div. Three. Feb. 15, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS MYERS, Defendant and Appellant.

[No. G037074. Fourth Dist., Div. Three. Feb. 15, 2007.]

In re THOMAS MYERS on Habeas Corpus.

## COUNSEL

David L. Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lise S. Jacobson and Kyle Niki Shaffer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**IKOLA, J.**—A jury found defendant Thomas Myers guilty of resisting an officer and committing a battery on an officer. He raises three meritless contentions.

First, defendant complains his trial counsel provided ineffective assistance by failing to object to evidence of his violent character. We agree that evidence of the officer's purportedly violent conduct before defendant resisted arrest did not open the door for the prosecution to offer evidence of defendant's violent character. But the admission of that evidence was harmless. Counsel's failure to object did not prejudice defendant.

Second, defendant claims the court wrongly found citizen complaints against the officer were unresponsive to his *Pitchess*[1] motion. We find no abuse of discretion.

Finally, in his petition for writ of habeas corpus, defendant contends his counsel provided ineffective assistance by advising him to testify about the details of a prior conviction. He contends his testimony allowed the court to find the prior conviction constituted a serious felony strike. But the court could have made that determination from the record of conviction, without defendant's testimony. Thus, this ineffective assistance claim fails as well. Accordingly, we affirm the judgment and deny the petition for writ of habeas corpus.

## FACTS

A California Highway Patrol officer saw defendant walking along a freeway on-ramp. The officer approached defendant and asked what he was doing. Defendant stated he was hitchhiking. The officer began a patdown search of defendant. Defendant followed the officer's directions to turn around, separate his feet, and interlace his fingers behind his head.

As the officer began to check defendant's waistband, defendant separated his hands and turned toward the officer. The officer radioed for help, tried to control defendant, and pushed him toward the sound wall. Defendant ran past the officer. The officer tried to grab defendant, but he broke free. The officer tackled defendant and lay on top of him. Defendant tried to get up and grabbed the officer's holster, but the officer finally handcuffed defendant. The officer broke his finger during the fight.

Another officer arrived at the scene and searched defendant. A glass pipe with white residue on it was found in defendant's pants pocket. Defendant waived his *Miranda*[2] rights and stated he fought with the first officer to keep him from discovering the pipe, which he used to smoke methamphetamine.

The People filed an information charging defendant with one count each of resisting an officer resulting in serious bodily injury (Pen. Code, § 148.10, subd. (a)),[3] committing a battery on an officer (§ 243, subd. (c)(2)), and

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] (*Pitchess*); see also Evidence Code section 1043.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] (*Miranda*).

[3] All further statutory references are to the Penal Code unless otherwise stated.

possession of drug paraphernalia (Health & Saf. Code, § 11364).[4] The People also alleged defendant had suffered a prior serious felony conviction. (§§ 667, subds. (a)(1), (d), (e)(1), 1170.12, subds. (b), (c)(1).)

Before trial, defendant filed a *Pitchess* motion for discovery of material in the officer's personnel file. Defendant sought any complaints against the officer of excessive force, complaints of false statements by the officer, and similar material. Defendant supported his motion with a sealed declaration. The court agreed to review in camera any arguably responsive documents in the officer's personnel file. The prosecution produced the California Highway Patrol's custodian of records and all citizen complaints against the officer. The court described the complaints on the record of the in camera proceeding. It concluded none were responsive to defendant's request. It ordered the supporting declaration and the reporter's transcript to be sealed.

Also before trial, the prosecution filed a motion in limine to admit evidence of defendant's violent character. The prosecution contended the evidence would be admissible if defendant first testified the officer acted violently during the arrest. (See Evid. Code, § 1103, subds. (a), (b).) Defense counsel objected the evidence of defendant's violent character would be unduly prejudicial. (Evid. Code, § 352.) The court noted the defense did not dispute the evidence's admissibility pursuant to Evidence Code section 1103. It then overruled the defense's undue prejudice objection.

At trial, defendant took the stand. He testified the officer was overly aggressive towards him, slamming him against the freeway wall and kicking his feet apart. Defendant stated he "freaked out" and "tried to get away." He denied touching the officer's holster, stating it would have been impossible for him to do so while the officer was lying on top of him. He claimed someone had given him the glass pipe to smoke tobacco.

Defendant also testified on direct examination about his prior violent conduct. He admitted having a felony conviction "which involve[d] assault with a gun" in Arizona. He had been a security guard at a trailer park, and fired two warning shots at suspected drug dealers while off duty. He pled guilty to "aggravated assault." He also admitted having twice been arrested on misdemeanor assault charges. In one case, he was arrested in Arizona "for domestic violence" for pushing his girlfriend's sister to break up a fight between his girlfriend and her sister. In the other instance, he was arrested in

---

[4] The information initially charged defendant with an additional count for resisting an officer (§ 148, subd. (a)(1)). The prosecution later dismissed this count.

Washington after he pushed a different girlfriend during an argument. During cross-examination, defendant admitted pleading guilty to assault charges arising from both instances. The jury found defendant guilty on all counts after about 90 minutes of deliberation.

The court held a bifurcated trial on the prior serious felony conviction allegation. The prosecution introduced a certified record of conviction and a certified record of commitment on defendant's Arizona conviction, which was for aggravated assault with a deadly weapon or dangerous instrument. Defendant testified again, briefly recounting the warning shots and his guilty plea. The court queried whether the Arizona records showed defendant had personally used a firearm during the commission of the aggravated assault. It then found the prior conviction allegation true, based on "the documents and from what you have told me today about the facts of the prior."

The court sentenced defendant to a total term of six years in prison. It imposed a midterm three-year sentence on the resisting an officer count, which it doubled due to defendant's prior serious felony conviction. (§ 667, subd. (e)(1).) It stayed sentencing on the battery count, and suspended the sentence on the possession of drug paraphernalia count. Defendant appealed and filed a petition for writ of habeas corpus. We consolidated the two matters.

## DISCUSSION

*Failing to Object to the Evidence of Defendant's Violent Character on Section 1101 and Section 1103 Grounds Was Not Prejudicial*

Although counsel objected to the admission of evidence of defendant's violent character on the ground of undue prejudice, defendant contends counsel provided ineffective assistance by failing also to object pursuant to Evidence Code sections 1101 (defendant's propensity for violence generally inadmissible) and 1103 (prosecution may not offer evidence of defendant's propensity for violence unless in rebuttal to defendant's evidence of victim's propensity for violence). He maintains the defense offered only evidence of the victim's violent *conduct* during the arrest, not evidence of the victim's violent *character.* To prove his ineffective assistance claim, defendant must show (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 104 S.Ct. 2052] (*Strickland*).)

Usually, defendant's contentions would not make it out of the gate. "Generally, failure to object is a matter of trial tactics as to which we will not exercise judicial hindsight." (*People v. Kelly* (1992) 1 Cal.4th 495, 520 [3 Cal.Rptr.2d 677, 822 P.2d 385].) "A reviewing court will not second-guess trial counsel's reasonable tactical decisions." (*Ibid.*) But we will review counsel's failure to object when " ' "counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*Ibid.*) Defendant's habeas corpus petition includes a declaration from his appellate counsel, stating defendant's trial counsel told him she could recall no tactical purpose for failing to object on the ground the predicate of Evidence Code section 1103 had not been met. This is hearsay, but the Attorney General does not object. And the issue arose in a motion in limine, not in front of the jury in the heat of trial, making it unlikely defense counsel had a tactical reason for not objecting on all arguable grounds. Thus, we will review the purportedly deficient objection.

■    As defendant correctly notes, character evidence is generally inadmissible to prove a person acted in conformity with it on a given occasion. (Evid. Code, § 1101, subd. (a).) Evidence Code section 1103 sets forth exceptions to this general rule. One exception allows a criminal defendant to offer evidence of the victim's character to show the victim acted in conformity with it. (Evid. Code, § 1103, subd. (a)(1).) If the defendant offers evidence showing the victim has a violent character, then the prosecution may offer evidence of the *defendant's* violent character to show the defendant acted in conformity with it. (Evid. Code, § 1103, subd. (b).)

Defendant contends evidence of his violent character was not admissible pursuant to Evidence Code section 1103, subdivision (b), because his testimony about the officer's aggressive conduct at the time of the incident did not constitute character evidence for the purposes of Evidence Code section 1103. The Attorney General contends defendant's testimony satisfied Evidence Code section 1103, subdivision (b), because it tended to show the victim's "character for violent behavior on the day of [defendant's] arrest."

Defendant has the better of the argument. Evidence Code section 1103 contemplates that character evidence comprises something other than evidence of conduct at the time in question, because character evidence is used to show the person acted "in conformity with" his or her character. (Evid. Code, § 1103, subd. (b).) Wigmore, on whose treatise Evidence Code section

1103 is based (*People v. Blanco* (1992) 10 Cal.App.4th 1167, 1173–1174 [13 Cal.Rptr.2d 176]), notes the relevance of character evidence is premised on a continuity of character *over time*: " 'Character at an earlier or later *time* than that of the deed in question is relevant only on the assumption that it was substantially unchanged in the meantime, i.e. the offer is really of *character at one period to prove character at another . . . .' " (*People v. Shoemaker* (1982) 135 Cal.App.3d 442, 448 [185 Cal.Rptr. 370], quoting Wigmore, second italics added, some italics omitted.) If evidence of a victim's conduct at the time of the charged offense constitutes character evidence under Evidence Code section 1103, then every criminal defendant claiming self-defense would open the door for evidence of his own violent character. Evidence Code section 1103 cannot be read so broadly.

■ But although an Evidence Code section 1103 objection would have been meritorious, counsel's failure to object caused no prejudice. (*Strickland, supra,* 466 U.S. at pp. 687, 693–694 [prejudice requires a "reasonable probability" that competent performance would have led to a different result].) This was not a close case. The jury deliberated for less than two hours before convicting defendant. It credited the officer's testimony. Defendant destroyed his own credibility with his farfetched claim that the white-residue-encrusted glass pipe was for smoking tobacco. Any reasonable juror would have concluded defendant fought with the officer to hide his meth pipe. Objecting to the evidence of defendant's violent character would not reasonably have resulted in a more favorable determination to defendant. (*Ibid.*)

*The Court Did Not Abuse Its Discretion by Denying Defendant's* Pitchess *Motion*

Defendant asks us to determine whether the court abused its discretion by concluding the citizen complaints in the officer's personnel file were not responsive to his *Pitchess* motion. We have reviewed all material in the record regarding defendant's *Pitchess* motion, including the moving papers, defense counsel's sealed declaration, and the sealed transcript of the in camera hearing. The hearing transcript contains an adequate record of the court's review and analysis of the documents provided to it. It reveals no abuse of discretion. (See *People v. Mooc* (2001) 26 Cal.4th 1216, 1228 [114 Cal.Rptr.2d 482, 36 P.3d 21].)

*Counsel Did Not Render Ineffective Assistance by Advising Defendant to Testify About His Prior Felony Conviction*

In his habeas corpus petition, defendant contends defense counsel's advice to testify about the details of his prior conviction led to the only evidence showing the conviction constituted a serious felony strike.[5] He notes the certified records of conviction and commitment showed he had been convicted in Arizona of aggravated assault with a deadly weapon or dangerous instrument, i.e., a handgun. He asserts *personal* use of a firearm is required for assault with a deadly weapon to constitute a serious felony strike, relying on section 1192.7, subdivision (c)(8) (serious felony includes "any felony in which the defendant personally uses a firearm") and *People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31] (conviction for assault with a deadly weapon may result from aiding and abetting, which would not satisfy personal use requirement).

Defendant's claim was tenable before the turn of the century, but not now. The voters adopted Proposition 21 in the March 7, 2000, Primary Election. (*People v. Luna* (2003) 113 Cal.App.4th 395, 398 [6 Cal.Rptr.3d 539].) The proposition "delet[ed] for serious felony purposes the personal use requirement for assault with a deadly weapon." (*Ibid.*) The definition of "serious felony" now includes any "assault with a deadly weapon [or] firearm . . . in violation of Section 245," without reference to personal use. (§ 1192.7, subd. (c)(31).) The Arizona records show defendant pleaded guilty to assaulting his victim "with a deadly weapon or dangerous instrument, to wit: a handgun." Defendant's prior conviction thus satisfies the elements of section 245, subdivision (a)(2)—assault with a firearm. (See *People v. Myers* (1993) 5 Cal.4th 1193, 1195 [22 Cal.Rptr.2d 911, 858 P.2d 301] [court may consider the entire record on the prior conviction to determine whether it satisfies the elements of a serious felony].) Defendant does not contend otherwise.

Thus, the court could have determined the prior conviction constituted a serious felony strike without defendant's testimony. Defense counsel's alleged advice was not prejudicial. (See *Strickland, supra,* 466 U.S. at pp. 687, 693–694.)

---

[5] Defense counsel denies advising defendant to testify, according to the declaration of defendant's appellate counsel submitted with the habeas corpus petition. The Attorney General does not object to this hearsay statement. Rather than issue an order to show cause setting an evidentiary hearing, we will resolve the factual dispute in defendant's favor and determine whether the advice constitutes ineffective assistance.

## DISPOSITION

The judgment is affirmed. The petition for a writ of habeas corpus is denied.

O'Leary, Acting P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 16, 2007, S151903.