Filed 7/31/13  In re Elaine Q. CA2/25

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ELAINE Q., a Person Coming Under the Juvenile Court Law. | B239587 (Los Angeles County Super. Ct. No. VJ41421) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELAINE Q.,<br><br>        Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Fumiko Wasserman, Judge.  Affirmed.

Lea Rappaport Geller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court sustained a petition alleging appellant E.Q. resisted, obstructed or delayed a peace officer or EMT in violation of Penal Code section 148, subdivision (a)(1). The court found appellant was a person described by Welfare and Institutions Code section 602, adjudged appellant to be a ward of the court, and placed appellant on probation.

Appellant appeals from the juvenile court's orders. Finding no error, we affirm.


FACTS

On June 23, 2011, Los Angeles County Sheriff's Deputy Robert Finchum responded to a call about an assault with a baseball bat. When he and two other deputies arrived at the location, he found appellant, a woman named "Andrea" and a man together in a room off the garage. All three were agitated; they were yelling and screaming.

Deputy Finchum asked appellant to leave the room and speak with him. He wanted to interview the three individuals separately. Appellant went outside with Deputy Finchum. There, she began to cry. Andrea yelled from inside the room, "Just let them talk to you." Appellant began walking back toward the room with her fist clenched. Deputy Finchum ordered her to stop three times, but appellant kept walking.

As appellant reached the doorway to the room, she said, "I'll take on all you guys." Deputy Finchum grabbed her arm to prevent her from going inside. The deputy's partner was inside the room trying to get the suspect out, and Deputy Finchum was concerned for everyone's safety. Appellant turned and said to Deputy Finchum, "Fuck you." She started to swing her right hand, which was clenched in a fist, toward the deputy's face. He moved out of the way, turned her around and placed her onto the ground. The deputy then attempted to escort her to the patrol car, but she broke away from the deputy. He tackled her and she was placed in handcuffs.

Dorothy Saenz, Andrea's grandmother, testified in appellant's defense and gave a different account of events. According to Saenz, Deputy Finchum's partner grabbed Andrea by the back of her neck, grabbed her hair and tried to pull her out of the room.

2

Deputy Finchum also grabbed appellant, slammed her onto his car, tired to handcuff her, and dropped her to the ground. Saenz did not hear appellant swear at Finchum and she did not see appellant's fists clenched at any time.

## DISCUSSION

Appellant filed a timely notice of appeal, and we appointed counsel to represent her on appeal. Appellant's counsel filed an opening brief pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist. Counsel also requested this court conduct an independent review of the reporter's transcript of the in camera hearing was conducted by the trial court regarding discoverable *Pitchess*[1] material. (*People* v. *Mooc* (2001) 26 Cal.4th 1216, 1224.)

On September 18, 2012, we advised appellant she had 30 days in which to personally submit any contentions or issues which she wished us to consider. No response has been received to date.

Before adjudication, appellant moved for discovery of the police personnel records of Deputy Finchum pursuant to *Pitchess*. The motion sought a broad array of complaints including complaints of violence-related misconduct; racial, gender, and ethnic bias; dishonest conduct; and any evidence amounting to moral turpitude. The court granted the motion for discovery of any complaints of excessive force or dishonesty. The court held an in camera hearing and ruled the defense was entitled to certain discoverable material.

We have independently reviewed the sealed transcript of the trial court's in camera *Pitchess* hearing and the moving papers to determine whether the trial court disclosed all relevant complaints.[2] (See *People v. Mooc, supra,* 26 Cal.4th at p. 1229; *People v. Myers*

---

[1]    *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 ("*Pitchess*").

[2]    We have also reviewed copies of sheriff's department personnel records received from the trial court pursuant to record correction proceedings.

3

(2007) 148 Cal.App.4th 546, 553.)  We see no abuse of discretion in the trial court's rulings concerning disclosure.

We have examined the entire record and are satisfied appellant's attorney has fully complied with her responsibilities and no arguable issues exist.  (*People* v. *Wende*, *supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The juvenile court's orders are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

_____

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.