Filed 9/11/13  P. v. Gallegos CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244827 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA098774) |
| v. | |
| RACHEL GALLEGOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, appellant was found guilty of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). She was granted probation pursuant to Proposition 36.

The facts underlying the crime may be briefly stated as appellant merely requests we review the trial court's in camera hearing conducted pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). Simply put, appellant was observed by a sheriff's deputy stumbling down the street. The deputy watched as appellant placed a small baggie in her sock. The baggie contained methamphetamine. Appellant testified in her defense that the deputy lied about finding drugs on her person.

In response to appellant's *Pitchess* motion, the trial court found the defense was entitled to an in camera hearing to review any civilian complaints in the deputy's personnel record that alleged the arresting deputy falsified reports or planted evidence. After conducting the review, the trial court found no discoverable information.

The mechanics of a *Pitchess* motion are well-established. "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant. [Citation.] Good cause for discovery exists when the defendant shows both '"materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.'" [Citation.] . . . If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."'" [Citations.]" ( *People v. Gaines* (2009) 46 Cal. 4th 172, 179.)

We have reviewed all material in the record regarding the *Pitchess* motion, including the moving papers and the sealed transcripts of the in camera proceeding. Those records are sufficient for us to conduct our independent review. (*People v. Myers* (2007) 148 Cal.App.4th 546, 553.) We have found no abuse of discretion committed by the trial court. (*Ibid*., citing *People v. Mooc* (2001) 26 Cal.4th 1216, 1228.)

2

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUMAR, J. *

We concur:


TURNER, P.J.


MOSK, .J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.