Filed 4/16/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049764 |
| v. | (Super. Ct. No. 95SF0237) |
| JAMES GALVAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant James Galvan appeals from the dismissal of his petition for resentencing under Penal Code section 1170.126 (all further undesignated statutory references are to this code). He argues the trial court erred in ruling he was ineligible for resentencing under section 1170.126 because the crime for which he was given the indeterminate life sentence – assault with a firearm – was not considered a serious or violent felony at the time of the final judgment on his conviction, and thus it cannot be treated as such for purposes of evaluating his present eligibility for resentencing. He also claims that the separate finding that he committed his crime while armed with a firearm cannot be relied upon as a basis for denying him resentencing because his sentence on that finding was stayed pursuant to section 654, and consequently his current sentence "was not imposed" for an offense appearing in section 667, subdivision (e)(2)(C)(iii) or section 1170.12, subdivision (c)(2)(C)(iii).

The Attorney General's initial response is to claim the dismissal is not an appealable order because it does not affect defendant's "'substantial rights.'" Although this may have been an arguable assertion when the Attorney General's brief was filed, our Supreme Court has since rejected it and concluded such dismissals are appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595.)

The issue of whether the classification of an inmate's prior conviction must be determined as of the time his judgment of conviction became final, rather than under the sentencing law in effect when section 1170.126 was enacted, is currently pending before the Supreme Court. (*Braziel v. Superior Court*, review granted July 30, 2014, S218503.) However, as the court has not yet issued an opinion resolving the issue, we address it here and reject defendant's contention. Section 1170.126, subdivision (e) sets forth the specific eligibility requirements for resentencing under the statute. Among other things, it states that an eligible inmate is one who is serving an indeterminate sentence for a felony or felonies "that *are not* defined as serious and/or violent felonies

2

by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1), italics added.)  This *present tense* reference to the statutes defining which felonies qualify as "serious" or "violent" makes clear that the pertinent classification for purposes of establishing eligibility for resentencing was based on *current* law in existence when section 1170.126 went into effect.  And even assuming the alternative language relied upon by defendant, taken from subdivision (a) of section 1170.126, could be read as supporting a different interpretation of eligibility, we would disregard it under the well-settled rule that in the case of inconsistency between statutory provisions, the more specific provision controls over the more general one.  Under a proper reading of section 1170.126, defendant is ineligible for resentencing because his conviction for assault with a firearm qualifies as a serious felony for purposes of that statute.  Hence, the trial court properly dismissed his petition and we affirm its order.

FACTS

Defendant was convicted of assault with a firearm (§ 245, subd. (a)(2)), and related allegations that he used a firearm in the commission of the offense and inflicted great bodily injury were also found true.  The court found that defendant had committed three prior felonies and sentenced him to an indeterminate term of 25 years to life, plus an additional five-year term pursuant to section 667, subdivision (a)(1), which applies to "any person convicted of a serious felony who previously has been convicted of a serious felony."  He was also sentenced to a one-year concurrent sentence for the use of a firearm in the commission of his offense.

In 1997, we affirmed that conviction on appeal, but struck the five-year sentence enhancement.  (*People v. Galvan and Alijo* (Sept. 30, 1997, G019403)

[nonpub.opn.].) We explained that at that time, defendant's "present offense . . . is not a 'serious felony.'" (*Id.* at p. 7.)

However, as defendant acknowledges, the law changed in 2000 when the voters passed Proposition 21, mandating that the crime of assault with a firearm be reclassified as a "serious" felony under section 1192.7, subdivision (c), without regard to a defendant's personal use of the weapon. (*People v. Myers* (2007) 148 Cal.App.4th 546, 554.)

In 1999, the court, via a stipulated nunc pro tunc order, vacated defendant's concurrent one-year term for the use of a firearm and ordered that sentence stayed under section 654.

On September 23, 2013, defendant petitioned for recall of his indeterminate life sentence based on section 1170.126. In his petition, he noted that while the crime of assault with a firearm is now considered a serious felony under section 1192.7, this court had previously found that his conviction for that crime did not qualify as such in this case.

The prosecutor moved to dismiss defendant's petition, arguing defendant was legally ineligible for recall of his sentence under section 1170.126 for two reasons: (1) because the offense for which he is serving his indeterminate life sentence is classified as a serious felony (§ 1170.126, subd. (e)(1)); and (2) because he was found to be "armed with a firearm" during the commission of that offense. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Defendant opposed the motion to dismiss, claiming the determination of whether his offense qualified as "serious" for purposes of section 1170.126 must be made as of the time of his final judgment of conviction, rather than in accordance with how the crime is classified under current law. He relied on the doctrine of law of the case to

4

argue that this court's earlier determination his conviction did not qualify as a "serious" offense was binding for purposes of his petition.

Defendant also argued that the past perfect subjunctive tense employed in subdivision (a) of section 1170.126, which states the remedy is "intended to apply to exclusively to persons . . . whose sentence under this act *would not have been* an indeterminate life sentence" (italics added), reflects an intention to apply the remedy *retroactively*, in the context of whatever other laws were in effect at the time of a defendant's original sentencing, even if the former laws are inconsistent with the current statutes expressly incorporated into the provisions of section 1170.126.

The trial court dismissed the petition.

DISCUSSION

*1. The Resentencing law*

Section 1170.126 was enacted by voter initiative in 2012, as part of the Three Strikes Reform Act.  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 6, pp. 109-110 (hereafter Voter Information Guide).)  Among the stated purposes of the initiative, as explained to voters, was to "[r]estore the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is for *a violent or serious crime*" and to "[m]aintain that repeat offenders convicted of non-violent, non-serious crimes *like shoplifting and simple drug possession* will receive twice the normal sentence instead of a life sentence."  (*Id.* § 6, at p. 106, italics added.)

In accordance with those goals, section 1170.126 provides persons who were previously sentenced to indeterminate life terms under an earlier version of the "Three Strikes" law the opportunity to petition for resentencing to the term that would

5

have been imposed for their crime under the version of the Three Strikes Reform Act passed by the voters in the form of Proposition 36. Thus, section 1170.126, subdivision (a) states that it is intended to apply only to those "persons presently serving an indeterminate term of imprisonment . . . whose sentence *under this act* would not have been an indeterminate life sentence." (Italics added.) Subdivision (b) of section 1170.126 states that "[a]ny person serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] upon conviction . . . of a felony or felonies that *are not defined* as serious and/or violent . . . may file a petition for a recall of sentence." (Italics added.)

Subdivision (e) of section 1170.126 further specifies which defendants are eligible for resentencing under the statute. The first requirement is that "[t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that *are not defined* as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. (§ 1170.126, subd. (e)(1), italics added.)

The second requirement is that "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).)

And the third requirement is that "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(3).)

6

## 2. Law of the Case Doctrine

Defendant first contends that pursuant to the law of the case doctrine, this court's earlier determination that his conviction for assault with a firearm did not qualify as a "serious" felony was binding on the trial court for purposes of evaluating his eligibility for resentencing under section 1170.126. His contention is incorrect.

The law of the case doctrine provides "that where an appellate court states a rule of law necessary to its decision, such rule '"must be adhered to"' in any '"subsequent appeal"' in the same case, even where the former decision appears to be '"erroneous."'" (*People v. Whitt* (1990) 51 Cal.3d 620, 638.) Thus, the law-of-the-case doctrine "prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances." (*Ibid.*) However, "[t]he principal ground for making an exception to the doctrine of law of the case is an intervening or contemporaneous change in the law." (*Clemente v. California* (1985) 40 Cal.3d 202, 212.)

That is what has occurred in this case. While defendant's conviction for assault with a firearm was not classified as a "serious" felony at the time he was sentenced for it or when we affirmed the judgment, he acknowledges the law has since changed. Under these circumstances, the doctrine of law of the case does not bind the trial court to our prior determination of the issue.

## 3. The Language of the Statute

Defendant also contends the language of the statute itself requires that his eligibility for resentencing must be considered in accordance with the laws in existence at the time his judgment of conviction became final. And because his conviction for assault with a firearm was not considered a serious felony *at that time*, he believes the trial court

was required to treat it as a nonserious felony for purposes of assessing his eligibility for resentencing under section 1170.126.

Defendant bases this assertion on the fact that subdivision (a) of section 1170.126 employs the past perfect subjunctive tense in stating that the resentencing remedy is "intended to apply exclusively to persons . . . whose sentence under this act *would not have been* an indeterminate life sentence." (Italics added.) He believes this grammatical structure reflects an intention to apply the remedy *retroactively*, in the context of whatever other laws were in effect at the time of a defendant's original sentencing, even if the former laws are inconsistent with the current statutes expressly incorporated into the provisions of section 1170.126. We disagree.

First, defendant's argument ignores the fact that the language he quotes specifies that the relevant test is whether a defendant's sentence "would not have been" an indeterminate life term "*under this act*." (§ 1170.126, subd.(a), italics added.) The referenced "act" is the Three Strikes Reform Act, passed by the voters as Proposition 36. That act included revisions to both sections 667 (Voter Information Guide*, supra,* text of Prop. 36, § 2) and 1170.12 (Voter Information Guide*, supra,* text of Prop. 36, § 4). Thus, the "act" incorporates those sections as modified by the passage of Proposition 36 in November 2012. So even under subdivision (a) of section 170.126, only a defendant who *would not have been* given an indeterminate life sentence *under the provisions of sections 667 and 1170.12 as they existed in November 2012* is eligible for relief. Defendant does not meet this test because his offense – assault with a firearm – was classified at that time as a serious felony under section 1192.7, subdivision (c)(31).

But even if we agreed that subdivision (a) of section 1170.126 could be read in the way defendant wishes, we would still reject his argument on the basis that the general rule of applicability stated in that subdivision is inconsistent with the more specific provisions of subdivision (e), which govern a defendant's "eligibility" for

8

resentencing. "[A] specific statutory provision relating to a particular subject controls over a more general provision. That rule obtains even though the general provision standing alone is sufficiently broad to include the subject to which the specific statute relates." (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 270; see Civ. Code, § 3534 ["Particular expressions qualify those which are general"].)

Among other requirements, subdivision (e)(1) of section 1170.126 specifies that an inmate eligible for resentencing is one who is serving an indeterminate sentence for "a felony or felonies that *are not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (Italics added.) This *present tense* reference to the statutes defining which felonies qualify as "serious" or "violent" makes clear that the pertinent classification for purposes of establishing eligibility for resentencing was to be taken from the *current* law. If the law were intended to extend the same remedy to those defendants whose felonies *were not* defined as serious or violent *at the time of their convictions*, it could easily have defined eligibility in those terms. It did not.

Moreover, interpreting section 1170.126 as affording a remedy to only those defendants whose relevant felonies qualified as nonserious and nonviolent as of the time Proposition 36 was passed is consistent with the purposes of the proposition as described to the electorate. As we have already noted, the goals of the Proposition included "[r]estor[ing] the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is for *a violent or serious crime.*" (Voter Information Guide*, supra,* text of Prop. 36, § 1, p. 105, italics added.) And as defendant himself has conceded, his conviction for assault with a firearm met that description as of the time the electorate voted.

We agree with the Attorney General's assertion that section 1170.125, also passed as part of Proposition 36 (Voter Information *Guide, supra,* text of Prop. 36, § 5),

9

supports this result. That statute specifies, in pertinent part, that "for all offenses committed on or after *November 7, 2012*, all references to existing statutes in *Sections 1170.12 and 1170.126* are to those *sections as they existed November 7, 2012*." (Some italics added.) The obvious purpose of this provision is to ensure that the rights of defendants to be sentenced in accordance with Proposition 36 will be preserved exactly as they existed on the date it went into effect. And while defendant responds that this language actually supports his position because section 1170.125 makes no reference to offenses committed *before* November 7, 2012, his argument is unpersuasive. There was no reason to pass a separate statute specifying how section 1170.126 would apply to prior offenses. As we have already explained, that rule is encompassed within the language of the statute itself. Section 1170.125 simply ensures the same parameters will pertain for offenses into the future.

Finally, we note that a significant problem with defendant's interpretation of section 1170.126 is that it would require the courts to treat two similarly situated defendants – each of whom was convicted of the identical offense of assault with a firearm – differently, depending upon whether that offense was committed in 1999 or in 2000, just after the offense was reclassified as a "serious" felony. The 1999 offender would be eligible for resentencing, while the 2000 offender would not. There is nothing in either the language of the section 1170.126 or the expressed goals of Proposition 36, which would support such an arbitrary distinction or suggest that the electorate could have intended to impose it.

In light of our conclusion that defendant was ineligible for resentencing under section 1170.126 on the basis that his conviction for assault with a firearm qualifies as a "serious" felony under the statute, we need not reach the additional issue of whether he was also ineligible based upon the separate factual finding that a firearm was used in the commission of the offense.

10

DISPOSITION

The order dismissing defendant's petition is affirmed.

**CERTIFIED FOR PUBLICATION**


RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

11