Filed 3/1/16  P. v. Braziel CA2/7
Opinion on remand from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HOMER RAY BRAZIEL,<br><br>        Defendant and Appellant. | B249830<br><br>(Los Angeles County<br>Super. Ct. No. BA183095) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

        Jonathan B. Steiner and Suzan E. Hier for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, James William Bilderback II and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Homer Ray Braziel filed a notice of appeal from an order denying his petition for recall of his sentence under the three strikes law pursuant to Penal Code section 1170.126,[1] part of Proposition 36, the Three Strikes Reform Act of 2012. We deemed his notice of appeal a petition for writ of mandate, issued an order to show cause why we should not order the trial court to vacate its order denying the petition, and then denied the petition. The Supreme Court granted review and transferred the matter to this court for reconsideration in light of *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). We now reverse and remand the matter to the superior court for further proceedings in accordance with the procedures specified in section 1170.126.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 1999 the People charged Braziel by information with two counts of assault by means likely to produce great bodily injury (former § 245, subd. (a)(1), now § 245, subd. (a)(4); counts 1 and 4); assault with a deadly weapon, a knife (*id.*, § 245, subd. (a)(1); count 2); and making a terrorist threat (now making a criminal threat, see *People v. Moore* (2004) 118 Cal.App.4th 74, 78-79) (§ 422; count 3). The People alleged that Braziel had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) and five prior convictions for which he had served prison terms (§ 667.5, subd. (b)). On August 4, 1999 the jury found Braziel guilty on counts 1 through 3 and found true all prior conviction allegations.

The trial court imposed three strikes sentences of 25 years to life on all three counts. The court ordered that Braziel serve the sentences on counts 1 and 3 concurrently and stayed sentence on count 2 pursuant to section 654. The court also imposed four years under section 667.5, subdivision (b), for a total term of 29 years to life.

---

[1] All statutory references are to the Penal Code.

On May 7, 2013 Braziel filed a petition for recall of his sentence pursuant to section 1170.126. The trial court denied his petition on the ground that one of his current offenses was a serious felony under section 1192.7, subdivision (c)(38), making him ineligible for resentencing.

Braziel filed a notice of appeal, which we deemed a petition for writ of mandate.[2] After we denied the petition, Braziel filed a petition for review, which the Supreme Court granted. The Supreme subsequently transferred the matter to this court for reconsideration in light of the Supreme Court's decision in *Johnson*.

### DISCUSSION

In *Johnson*, the Supreme Court held that section 1170.126 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson*, *supra*, at p. 688.) Therefore, under *Johnson*, we must evaluate each of Braziel's convictions on a count-by-count basis,

Braziel's conviction for assault by means likely to produce great bodily injury may or may not be not a serious or violent felony, depending on whether Braziel actually inflicted great bodily injury on his victim. (§§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8); see *People v. Delgado* (2008) 43 Cal.4th 1059, 1065 ["assault merely by *means likely to produce* [great bodily injury], without the additional element of personal infliction, is not included in the list of serious felonies"]; *People v. Fox* (2014) 224 Cal.App.4th 424, 434, fn. 8 ["assault with force likely to produce great bodily injury is not, by itself, a strike

---

2     At the time, it was unclear whether an order denying a petition for recall of sentence under section 1170.126 on the ground that the inmate was ineligible for resentencing under section 1170.126, subdivision (f), was appealable. In *Teal v. Superior Court* (2014) 60 Cal.4th 595, the Supreme Court held that such an order is appealable.

offense," but it is when """"the additional element of personal infliction" of great bodily injury is found present"'"].) The People did not allege, and the jury did not find, that Braziel actually inflicted great bodily injury. The court, however, can still look to the entire record of conviction to determine whether Braziel inflicted great bodily injury. (*People v. Arevalo* (2016) ___ Cal.App.4th ___, ___, 2016 WL 489710, p. 5; *People v. Guilford* (2014) 228 Cal.App.4th 651, 659-660; see *People v. Estrada* (2015) 243 Cal.App.4th 336, 340 ["[a] trial court 'determining whether an inmate is eligible for resentencing under section 1170.126 may examine [all] relevant, reliable, admissible portions of the record of conviction to determine the existence of a disqualifying factor'"]; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 ["the statutory language and framework of Proposition 36 contemplate a determination of a petitioner's eligibility for resentencing based on the record of conviction"].) Therefore, on remand the superior court will have to determine from the record of conviction whether Braziel inflicted great bodily injury in order to determine whether Braziel is eligible for resentencing on his conviction for assault by means likely to produce great bodily injury.

Although at the time of Braziel's conviction in 1999 his conviction for assault with a deadly weapon was not a serious felony unless he personally used a deadly weapon in the commission of the assault, by the time the voters enacted Proposition 36 in November 2012 all convictions for assault with a deadly weapon were serious felonies. (§ 1192.7, subd. (c)(31); see *People v. Delgado*, *supra*, 43 Cal.4th at p. 1070, fn. 4 [Proposition 21, adopted in March 2000, "made serious felonies of all assaults with deadly weapons, not just those in which the defendant personally used a deadly weapon"]; *People v. Myers* (2007) 148 Cal.App.4th 546, 554 [Proposition 21, adopted in March 2000, "'delet[ed] for serious felony purposes the personal use requirement for assault with a deadly weapon,'" so that the "definition of 'serious felony' now includes any 'assault with a deadly weapon [or] firearm . . . in violation of Section 245,' without reference to personal use"].) And in *Johnson*, the Supreme Court held that "when a court resentences a third-strike defendant the classification of an offense as serious or violent is

4

based on the law as of November 7, 2012" (*Johnson*, *supra*, 61 Cal.4th at p. 680), at which time assault with a deadly weapon was a serious felony regardless of personal use.

Finally, Braziel's conviction for making a criminal threat is a serious felony. (§ 1192.7, subd. (c)(38); see *People v. Superior Court* (2013) 215 Cal.App.4th 1279, 1287.)

Therefore, although Braziel's convictions for assault with a deadly weapon and making a criminal threat are disqualifying convictions under section 1170.126, pursuant to the Supreme Court's decision in *Johnson* Braziel may be eligible for recall of his third strike sentence for assault by means likely to produce great bodily injury, if the court determines that Braziel did not inflict great bodily injury. If the court determines that Braziel did not inflict great bodily injury, then the court must resentence Braziel as a second strike offender on his conviction for assault by means likely to produce great bodily injury pursuant to section 1170.126, if he satisfies all of the criteria set forth in section 1170.126, subdivision (e), "unless the court, in its discretion, determines that resentencing [Braziel] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

## DISPOSITION

The order is reversed. The matter is remanded with directions to the superior court to determine from the record of conviction whether Braziel inflicted great bodily injury. If the court finds that Braziel inflicted great bodily injury, then the court must deny the petition for recall of sentence. If the court finds that Braziel did not inflict great bodily injury, then the court must grant the petition for recall of sentence and determine, in compliance with the provisions of section 1170.126, whether Braziel is eligible under section 1170.126, subdivision (e), for resentencing on his conviction for assault by means likely to produce great bodily injury, and, if so, to resentence Braziel on that conviction,

unless the court, in its discretion, determines that resentencing Braziel would pose an unreasonable risk of danger to public safety under section 1170.126, subdivision (f).



SEGAL, J.

We concur:



PERLUSS, P. J.



ZELON, J.