[No. B164536. Second Dist., Div. Five. Nov. 17, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JUSTO NAJERA LUNA, Defendant and Appellant.

## COUNSEL

William M. Duncan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Mary Sanchez and Catherine Okawa Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Defendant, Justo Luna, appeals his felony conviction

contending there is no substantial evidence he had previously been convicted of a serious felony. He relies on the holding of *People v. Rodriguez* (1998) 17 Cal.4th 253, 261 [70 Cal.Rptr.2d 334, 949 P.2d 31], that evidence appearing on a superior court abstract of judgment was insufficient to prove a prior conviction was a serious felony. We conclude that the March 7, 2000, adoption by the voters of Proposition 21 modifies a small portion of the *Rodriguez* opinion which relates to the sufficiency of the evidence that a prior violation of Penal Code section 245, subdivision (a)(1) constitutes a serious felony. We therefore reject defendant's sufficiency of the evidence contention and affirm the judgment.

After the jury found defendant guilty of second degree robbery, a court trial was held on the issue of whether his prior conviction was a serious felony thereby qualifying for enhanced sentencing pursuant to Penal Code sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1). The information, as amended, alleged defendant had been convicted of "PC 245(A)(1)" on August 11, 1994. At the court trial, the prosecution introduced into evidence pursuant to Penal Code section 969b documents contained in a packet of materials prepared by the Department of Corrections. There were three documents. First, the trial court reviewed the abstract of judgment prepared after defendant was convicted of aggravated assault on August 11, 1994. The abstract of judgment states defendant was convicted on August 11, 1994, of violating "PC 245(a)(1)" "ASSLT GBI W/DLY WPN." Second, introduced as evidence during the bench trial was a Department of Corrections fingerprint card dated September 13, 1994, which indicated defendant's "[o]ffense" was "PC 245(a)(1) ASSLT GBI W/DL WPN." Finally, a Department of Corrections booking photograph of defendant was part of the evidence reviewed by the trial court.

Defendant contends the references on the abstract of judgment and fingerprint card did not constitute substantial evidence he had previously been convicted of a serious felony. Defendant relies on *People v. Rodriguez, supra,* 17 Cal.4th at pages 261–263, where the California Supreme Court analyzed the state of the law prior to the March 7, 2000, adoption of Proposition 21. The evidence in *Rodriguez* of the prior felony conviction, which closely parallels that in the present case, was as follows: "The evidence presented by the People to prove this strike consists entirely of an abstract of judgment. The abstract shows a plea of guilty in 1983 to the charge of violating former section 245, subdivision (a) (now subdivision (a)(1), and hereafter referred to as section 245(a)(1)). The statute prohibits the 'commi[ssion] [of an] an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury . . . .' (*Ibid.*) The clerk of the superior court filled out the space on the abstract of judgment form labeled 'crime' with the abbreviation 'ASLT GBI/DLY WPN,' which accurately reflected the statutory language." (*Id.* at p. 261.) In

*Rodriguez,* the Supreme Court found that the foregoing evidence was insufficient to support the finding that the prior conviction was a serious felony. (*Id.* at p. 261.)

On January 15, 1998, when *Rodriguez* was decided, Penal Code section 1192.7, subdivision (c)(8) and (23) classified assaultive conduct as serious felonies when the defendant "personally inflict[ed] great bodily injury on any person, other than an accomplice, or . . . personally use[d] a firearm" or "personally use[d] a dangerous or deadly weapon." (Stats. 1993, ch. 611, §§ 18, 18.5, pp. 3545–3548.) The Supreme Court held that the reference in the abstract of judgment to "ASLT GBI/DLY WPN" was insufficient to support a finding that the defendant had previously *personally* inflicted great bodily injury or used a weapon required by Penal Code section 1192.7, subdivision (c)(8) and (23). (*People v. Rodriguez, supra,* 17 Cal.4th at p. 261.) Defendant relies upon this analysis.

However, after January 15, 1998, when *Rodriguez* was decided, the voters adopted Proposition 21 in the March 7, 2000, Primary Election. ▉ Among the effects of Proposition 21 was the adoption of Penal Code section 1192.7, subdivision (c)(31), which deletes for serious felony purposes the personal use requirement for assault with a deadly weapon. Penal Code section 1192.7, subdivision (c)(31) states: "As used in this section, 'serious felony' means any of the following: [¶] . . . (31) assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245 . . . ." (See Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 17, pp. 124–125.) As can be noted, Penal Code section 1192.7, subdivision (c)(31) merely requires that the accused previously have been convicted of "assault with a deadly weapon . . . in violation of Section 245." There is no requirement that the accused *personally* use the deadly weapon as in Penal Code section 1192.7, subdivision (c)(8) and (23).

We examine the record for substantial evidence the August 11, 1994, Penal Code section 245, subdivision (a)(1) conviction is a serious felony. (*People v. Blackburn* (1999) 72 Cal.App.4th 1520, 1532 [86 Cal.Rptr.2d 134]; *People v. Williams* (1996) 50 Cal.App.4th 1405, 1411 [58 Cal.Rptr.2d 517].) Because only the abstract of judgment and fingerprint card were used to prove whether the August 11, 1994, aggravated assault was a serious felony, we look only to the least adjudicated elements of the prior offense. (*People v. Rodriguez, supra,* 17 Cal.4th at pp. 261–262.) ▉ The abstract of judgment and the Department of Corrections fingerprint card references to Penal Code section 245, subdivision (a)(1) and "ASSLT GBI W/DL WPN" constituted substantial evidence defendant was previously convicted of assault with a deadly weapon, an offense now described in Penal Code section 1192.7, subdivision

(c)(31). (*People v. Prieto* (2003) 30 Cal.4th 226, 258 [133 Cal.Rptr.2d 18, 66 P.3d 1123] [" 'As a practical matter, . . . prior convictions are normally proven by the use of documentary evidence alone' "]; Pen. Code, § 969b.) For these reasons, *Rodriguez* does not permit reversal of the prior serious felony conviction finding.

The judgment is affirmed.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 4, 2004. George, C. J., did not participate therein.