Filed 10/23/20  P. v. Valdez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ANTHONY VALDEZ,<br><br>      Defendant and Appellant. | B303230<br><br>(Los Angeles County<br>Super. Ct. No. LA081895) |

APPEAL from an order of the Superior Court of Los Angeles County, Thomas Rubinson, Judge.  Reversed and remanded with directions.

Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., Deputy Attorney

General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

A jury convicted defendant of voluntary manslaughter (as a lesser included offense to the charged crime of murder), and the trial court subsequently imposed a prison sentence of 27 years. Five of those 27 years were because defendant's 2004 conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) constituted a prior serious felony (*Id.*, § 667, subd. (a)(1)). On appeal, we affirmed defendant's conviction but "remanded" "the matter" to the trial court "to consider whether to exercise its discretion" under the newly enacted Senate Bill 1393, which for the first time granted trial courts the discretion to strike prior serious felony enhancements. (Sen. Bill No. 1393 (2017-2018 Reg. Sess.) § 2.) On remand, the trial court held a hearing where it determined that it would "not" "exercise its discretion to strike the prior 'serious' felony allegation[]." The court conducted this hearing outside the presence of defendant and his attorney.

In this appeal, defendant argues that the trial court's decision to hold the remand hearing we ordered without him or his counsel present was error. The People agree. So do we. Where, as here, a trial court is for the first time granted discretion to strike a portion of a sentence, a criminal defendant has, as a minimum, a statutory right to be present with the assistance of counsel to argue in favor of the exercise of that newly conferred discretion. (*People v. Rocha* (2019) 32 Cal.App.5th 352, 357-360; *People v. Rodriguez* (1998) 17 Cal.4th 253, 258-260, superseded by statute on other grounds as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397.) The trial court therefore erred. In light of this conclusion, we have no occasion

2

to reach defendant's further arguments that his absence and the absence of his counsel also violates his constitutional rights.

## DISPOSITION

The order reinstating defendant's original sentence on remand from our prior appeal is reversed, and the matter remanded for the trial court to consider whether to exercise its discretion under Senate Bill 1393 with defendant and his counsel present.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

3