Filed 6/28/22 P. v. Salas CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH DAVID SALAS,<br><br>Defendant and Appellant. | F082549<br><br>(Super. Ct. No. BF171379A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Hill, P. J., Detjen, J. and Franson, J.

**INTRODUCTION**

This is the second appeal by defendant Joseph David Salas after a jury convicted him of assault with a deadly weapon and the court found true an allegation he suffered a prior serious felony conviction as defined in Penal Code section 667, subdivision (a)(1) that also qualified as a strike.[1]  In the previous appeal, we remanded the matter to the trial court to hold a new sentencing hearing during which the court could consider whether to exercise its newfound discretion to strike the section 667, subdivision (a)(1) enhancement in light of the passage of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).  We also directed the trial court to correct a clerical error in the abstract of judgment.

On remand, defendant appeared with new appointed counsel at the sentencing hearing.  Defense counsel requested a continuance of the hearing so that she could familiarize herself with the case.  The court denied the request but permitted counsel time to review the file.  Then, the court stated it did not have authority to revisit defendant's entire sentence but could only consider whether to strike the section 667, subdivision (a)(1) enhancement.  The court declined to strike the section 667, subdivision (a)(1) enhancement and reimposed the same sentence it previously imposed.  Defendant now appeals from the court's order from that sentencing hearing.

On appeal, defendant asserts the court erred in concluding it could not revisit and reconsider his entire sentence and in denying his counsel's request for a continuance.  He argues the denial of his counsel's request for a continuance violated his state and federal due process rights and his right to effective assistance of counsel.

We affirm.

---

[1]Undesignated statutory references are to the Penal Code.

2.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with assault with a deadly weapon in violation of section 245, subdivision (a)(1) (count 1), vandalism in violation of section 594, subdivision (b)(1) (count 2), and burglary in violation of section 460, subdivision (b) (count 3). A jury convicted defendant of assault with a deadly weapon (count 1) and found him not guilty of vandalism and burglary (counts 2 & 3).

At defendant's original sentencing hearing, the trial court declined to exercise its discretion to grant his motion—made pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*)—to strike defendant's prior strike conviction under section 1385. The court denied defendant's *Romero* motion based on defendant's "overall record." The court noted defendant's criminal conduct had "slow[ed] down recently," but the court was not inclined to exercise its discretion to strike the strike given defendant's "past performance on probation and the level of his criminal conduct." The court then sentenced defendant to the middle term of three years, doubled based on a prior strike conviction, and enhanced by an additional five-year term for a prior serious felony conviction, for a total aggregate term of 11 years' imprisonment.

Defendant appealed. In the previous appeal, we remanded the matter to the trial court to hold a new sentencing hearing during which the court could consider whether to exercise its newfound discretion regarding whether to strike the section 667, subdivision (a) enhancement in light of the passage of Senate Bill 1393. We also directed the trial court to correct a clerical error in the abstract of judgment. Specifically, we held:

> "We remand to the trial court for a new sentencing hearing to permit the trial court to exercise its discretion regarding whether to strike the prior serious felony enhancement imposed pursuant to … section 667, subdivision (a)(1), in light of Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1, eff. Jan. 1, 2019).

> "The trial court is ordered to prepare an amended abstract of judgment reflecting that defendant was convicted by a jury and he was sentenced to prison pursuant to … section 1170.12, subdivisions (a)

3.

through (e) due to his prior serious or violent felony conviction pursuant to … section 667, subdivisions (c) through (j), and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.

"In all other respects the judgment is affirmed."

The court set a sentencing hearing upon remand at which defendant appeared with new appointed counsel. Defense counsel explained the attorney who handled defendant's trial was no longer with her office. She requested to trail or continue the hearing with a time waiver for "about four weeks." The court stated it ordinarily it "would be amendable [*sic*] to that, but in this case [it was] going to deny that request." It explained, "The reason why is … it's a very limited resentencing just on one issue because of the change in the law according to Senate Bill 1393 having to do with the Court's new ability … to exercise their [*sic*] discretion in striking the five-year prior that was imposed. [T]hat's the only issue." The court noted for the record the matter had already been continued a month before, "so it's been a … couple months now that we've already given notice to both offices." It further explained it "had the Probation Department prepare a supplemental report, which is quite an undertaking there to get them on board. Then … the defendant has now been transported from the California Department of Corrections just for this hearing, so there's a lot that goes into these hearings." The court indicated its reluctance to reset the hearing to avoid adding to the backlog and in light of "the general demand" on the court, defense counsel, and the prosecutor's office.

Defense counsel objected to going forward with the sentencing hearing. She explained her office had not made an appearance on the case in court. She acknowledged after looking at "CJIS" that notice had been provided to her office and that transporting defendant was a "tremendous inconvenience." But, she argued, this did not override defendant's right to adequate counsel when counsel requested to file something in writing. Defense counsel emphasized: "[Defendant] is serving a lengthy sentence and the five years is a tremendous amount of time that is going to be considered by the Court. The problem is just compounded by the fact that the attorney who did the trial is not with

4.

the office and I'm simply not in the position in any way to argue the facts of the case."
She reiterated her request for a continuance, objection to the denial thereof, and stated she
knew nothing about the case other than what she saw on "CJIS."

The court then permitted a brief recess for defense counsel to review the file,
stating:

> "What I am willing to do is go ahead and delay this matter this
> morning to give you an appropriate amount of time to become familiar with
> the file. Again, it's a very limited issue that we're here on, just whether or
> not the Court can strike that five-year prior. I think the law is pretty clear at
> this point that the Court needs to consider the factors enunciated in …
> Section 1385 and decide whether or not it would be in furtherance of justice
> to strike that, so what I'm saying is get up to speed on this case. It
> shouldn't take all that long.

> "I don't think we need to set it over a month. I am willing to delay it
> here to give you the time … to read whatever you need to read from the
> PDs file. I would think that by reading the original probation report
> combined with the supplemental sentencing report prepared by the Kern
> County Probation Department, that one is dated February 19, 2021. So by
> reading those two, I think you should be in a good position then to argue
> the factors that would go towards this Court striking the prior.

> "Would that help, [defense counsel], if I give you a half hour, an
> hour?"

Defense counsel maintained her objection, noting it was "unusual" for her to try to
review a file in half an hour when she is "completely unfamiliar with the case," and then
"argue that five-year sentence reduction." The court stated it could give her an hour, to
which defense counsel again objected. The court then asked her how much time she
needed to be "somewhat prepared." Defense counsel asked the court to trail the case
until the next day; the court denied the request, stating it had a trial going on and a "very
loaded calendar." The court stated, "Everybody is here. We're ready to go." Defense
counsel responded she would take whatever time the court would provide. The court
then stated:

"I think it would be appropriate for you to review the original probation report because there was a strike prior that was at issue at that time. And there is quite a bit of discussion at that time having to do with whether or not the Court should strike the strike prior. And, of course, the factors that go into that according to … Section 1385 are essentially the exact same factors that would go into the Court exercising its discretion to strike the five-year prior. So it's pretty much an exercise in just applying all of the factors that were already considered. But instead of the strike prior it will now be applying into the five-year prior, so I guess it's all laid out for you in the probation report, the original probation report, and if you would like to look at that combined with the Probation Department's supplemental report then we can get those to you. [¶] … [¶]

"… And then we also have the opinion from the Fifth District. We can also provide that to you. It's not a very opinion [*sic*], 20 pages. To read the original probation report, the Fifth District Court of Appeal's opinion and the supplemental report, you know, I think one hour should be plenty given an attorney of your experience …. Does that sound sufficient?"

Defense counsel responded, "That sounds fine. I'll be back in an hour then."

The court later realized, though it was in trial, trial was actually dark the next day. However, the court had "a lot of other things [it] need[ed] to handle tomorrow." It further clarified "the reason really I denied your request for the month long continuance and even the continuance tomorrow was not necessarily that I couldn't make myself available … but it's for all the other reasons I stated …, which is … having that approximate one hour delay to give [defense counsel] and [the prosecutor] the opportunity to review the records in this case is sufficient time. That was the main reason."

The court then discussed the scope of the hearing:

"… There are two prospectives [*sic*]. One is that when the Court of Appeals [*sic*] sends a matter back for resentencing because there's been a change in the law, one line of reasoning is that the sentencing court can engage in a complete resentencing. In other words, the Court would then have jurisdiction to resentence the case, every aspect of the case, from top to bottom. In other words, not just the portion that is subject to the change in the law.

"Another line of cases suggests that when a case is sent back under these circumstances, the Court should keep in place everything else and just address the one matter upon which it was sent back on. In this case that would be the new discretion that a judge has to strike the five-year prior."

The court noted the first line of cases is "epitomized" by the California Supreme Court's opinion in *People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*). However, "despite the Buycks' opinion," the court stated it had "decided to keep this sentencing very limited just on the issue of the Court using its new found [*sic*] discretion to strike the five-year strike." The court explained its decision was based on our court's remittitur and disposition in which we instructed the trial court to prepare an amended abstract of judgment to correct the clerical error on the original abstract "to designate that the defendant has been sentenced to prison pursuant to … Section 1170.12 subdivisions (a) through (e) due to the prior serious or violent felony conviction pursuant to … Section 667 (c) through (j)." The court interpreted this statement as telling it "don't go back and reevaluate whether or not the strike is going to be stricken or not according to Romero. That's already been decided …." Accordingly, the court stated it intended to hold a "very limited resentencing on whether or not [it] can strike [the] five-year prior and not get into any other aspect of the sentence." The People agreed with the court's analysis.

Defense counsel disagreed, arguing at resentencing the trial court has greater discretion than what the court articulated. She noted it was not her intention to request the court to strike the strike, but she was going to argue to strike the five-year prior or, alternatively, to sentence defendant to the upper term, doubled, for eight years.

The court reiterated the scope of the hearing would be limited to deciding whether or not to strike the five-year prior. It stated it would consider whether or not striking the prior serious felony enhancement would be in furtherance of justice based on defendant's background, the circumstance surrounding the present and prior offenses, the gravity of the present offense, and the defendant's criminal history among other factors

7.

The prosecutor argued the enhancement should be imposed based on the nature of the attack, defendant's "consistent criminal conduct," his previous unsuccessful completion of probation, and the factors in aggravation discussed by the probation department. Defense counsel agreed this was "not a trivial case," "it was quite frightening" for the victim, and there were prior incidents against the same victim. She reiterated that defendant's strike conviction happened 11 years before the initial sentencing and was a violation of section 186.22, subdivision (a), which "is not a violent strike," and the sentence was felony probation. She asserted defendant's additional two felony convictions suffered before the initial sentencing "would be local jail" and she believed "the one felony conviction from July of 2013 … today would be a misdemeanor." She noted defendant had a number of misdemeanors, but some of them were drug related, which "is a factor … to be considered." She requested the court "consider striking the five years and … in the alternative to sentence [defendant] to eight years" instead of 11. She also noted defendant had not picked up any new cases in the last two and a half years since he was in prison.

The court then asked the prosecutor whether the other charges pending against defendant at the time of his trial on a case related to another incident with the same victim had been resolved and whether they resulted in convictions. The probation officer responded that she had reviewed that case and it appeared to have been dismissed with no resulting convictions. She also reported defendant had not suffered any additional convictions or arrests since the original sentence was imposed.

The court then declined to strike the section 667, subdivision (a) enhancement and reimposed the same sentence it previously imposed. Defendant now appeals from the court's order at the resentencing hearing.

**DISCUSSION**

## I.  Scope of Resentencing Hearing

Defendant argues the court erred in limiting the scope of the sentencing hearing to only considering whether or not to strike his prior serious felony conviction.  We cannot conclude the court prejudicially erred.

### A.  Standard of Review and Applicable Law

The California Supreme Court has "rejected the notion that an appellate remand that requires the exercise or reexercise of sentencing discretion necessarily results in a full resentencing." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 34; accord, *People v. Rodriguez* (1998) 17 Cal.4th 253, 258 ["we may properly remand to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably"], superseded by statute on other grounds as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397–399.)  Rather, "if, on remand, the trial court decide[s] not to exercise its discretion to modify the original sentence, *that sentence would remain in effect*, and the defendant *need not be resentenced* but should be remanded *to continue serving the term previously imposed*.  The implication is that the original sentence remain[s] in effect, and continue[s] to govern the defendant's custody, unless and until it [i]s disturbed as a result of the remand proceedings." (*Buckhalter*, *supra*, at pp. 35–36.)

The California Supreme Court has also "held that when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks*, *supra*, 5 Cal.5th at p. 893; accord, *People v. Hill* (1986) 185 Cal.App.3d 831, 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme.  Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices…. This rule

9.

is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme"].)

Furthermore, our high court has clarified that when a court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.'" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

### B.    Analysis

Defendant contends that at the new sentencing hearing, the court had the authority to revisit the entire sentence, and the court erred in concluding otherwise. Relying on the language in our previous decision in which we remanded the matter for a new sentencing hearing, defendant argues the remand was "not expressly limited to one where the court was *only* to consider whether to strike the enhancement." Rather, he contends our use of the word "new" signaled to the court it was to hold a sentencing hearing as if the prior hearing had never occurred, and the court was required to reconfigure the entire sentence. He asserts, such an interpretation is consistent with the California Supreme Court's opinion in *Buycks*. He further asserts, though our court affirmed the trial court's denial of his *Romero* motion, the trial court could revisit this issue if defendant presented new circumstances warranting striking the strike. He contends remand is necessary because the trial court was mistaken about the scope of its discretion. The People respond our order defined the scope of the remand. They highlight the following language in our prior opinion: "'We remand for a new sentencing hearing to permit the [trial] court to exercise its discretion and determine whether to strike defendant's prior serious felony enhancement and further proceedings consistent with this opinion. *In all other respects,*

*we affirm the judgment.*'" They further assert the full sentencing rule articulated in *Buycks* does not apply because no part of defendant's sentence was stricken.

Here, we remanded for a new sentencing hearing "to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor"; thus, resentencing was not required unless the court acted "favorably" by striking defendant's prior serious felony conviction. (See *People v. Rodriguez, supra*, 17 Cal.4th at p. 258; accord, *People v. Buckhalter, supra*, 26 Cal.4th at p. 34.) And, after considering the pertinent factors, the court decided not to strike the section 667, subdivision (a)(1) enhancement.

Because the trial court decided not to exercise its discretion to modify the original sentence, that sentence remained in effect, and defendant did not need to be resentenced. (See *People v. Buckhalter*, *supra*, 26 Cal.4th at pp. 35–36.) Accordingly, the full resentencing rule did not apply because no part of defendant's sentence was stricken or declared unauthorized. (Cf. *People v. Buycks*, *supra*, 5 Cal.5th at p. 893; accord, *People v. Hill*, *supra*, 185 Cal.App.3d at p. 834; see *People v. Ramirez* (2019) 35 Cal.App.5th 55, 64 [where remittitur directs court to *resentence* defendants, trial court is entitled to consider entire sentencing scheme].)

To the extent the court's statements suggest it was not aware the full resentencing rule would apply if it had struck the prior serious felony enhancement, we conclude the record "'clearly indicate[s]'" the court would have reached the same conclusion regarding whether to strike the section 667, subdivision (a)(1) enhancement regardless of whether it was aware the full resentencing rule would apply. Thus, remand is not required.

Section 1385, subdivision (a), generally gives courts the authority to dismiss an action in the furtherance of justice. "'"'[I]n furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be a dismissal. [Citations.]"

11.

[Citations.]'" (*Romero*, *supra*, 13 Cal.4th at p. 530.) "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)." (§ 1385, subd. (b)(1).)

In deciding not to strike defendant's prior serious felony enhancement "in furtherance of justice" pursuant to section 1385, the court stated:

> "I do feel it is appropriate to go ahead and impose this five-year prior pursuant to … Section 667(a) for essentially all of the same reasons that the strike was imposed at the time of the original sentence. I do not believe it would be in the furtherance of justice to dismiss this five-year prior and I base that decision on the analysis having to do with the circumstances surrounding the present offense. It is a serious charge, assault with a deadly weapon located within somebody's home. And it is a situation that, although [both parties] pointed out, did not result in a great bodily injury or necessarily a life threatening injury to the victim, but that appears to have been more a factor of being fortuitous rather than the lack of intent on behalf of the defendant. In other words, he'd be pretty lucky that the victim did not suffer much more serious injuries and it certainly does not appear to be a lack of intent on the defendant's part that led to that. His intent as reflected in his conduct was to attack the victim with a deadly weapon. And so that is a serious offense and it is something that the Court really considers the gravity of the current offense and in the details of it."

The judge noted he presided over the trial for the case. He highlighted "attacking somebody with a deadly weapon within their home is a serious offense especially when the victim and this particular defendant had a long history." The court stated it "looked closely at the prior offenses and the defendant's criminal history," which were "particularly troubling due primarily because of the number of convictions and the fact that the defendant had suffered them really continuously from a very early age all the way through this present offense." The court emphasized, "[t]he real significant part" to it was that defendant "repeatedly violated supervision and the probationary opportunities that he's had in the past during that time period and had a repeated history of encounters with this particular victim." The court stated, considering those factors—"the present

12.

offense, the gravity of the current offense, the defendant's past criminal history, the history of prior offenses, in the overall interest of society"— it did "not think it would be in the furtherance of justice to strike this five-year prior."

Thus, the court's decision not to strike the section 667, subdivision (a)(1) enhancement was based upon the circumstances of the current offense, defendant's criminal history, and the overall interest of society. Accordingly, we conclude this record "clearly indicates" the court would have reached the same conclusion to impose the section 667, subdivision (a) enhancement irrespective of whether it knew it could reconsider its other sentencing decisions if it struck the enhancement.

Thus, we reject defendant's contention.

## II. Motion for Continuance

Defendant next argues the court erred in denying his counsel's request for a continuance of the resentencing hearing. We cannot conclude the court's denial amounted to an abuse of discretion or that defendant has established prejudice.

### A. Standard of Review and Applicable Law

A continuance may only be granted for good cause, and trial courts have broad discretion to determine whether good cause exists. (§ 1050, subd. (e); *People v. Alexander* (2010) 49 Cal.4th 846, 934.) We review an order denying a motion to continue for an abuse of discretion. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1118.) This standard applies to motions to continue sentencing. (See, e.g., *People v. Snow* (2003) 30 Cal.4th 43, 77.)

The party challenging a ruling on a continuance bears the burden of establishing an abuse of that discretion. (*People v. Beames* (2007) 40 Cal.4th 907, 920; *People v. Strozier* (1993) 20 Cal.App.4th 55, 60; accord, *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) "Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*People v. Beames*,

*supra*, at p. 920.) In determining whether the denial was so arbitrary as to violate due process, we look to the circumstances of each case, particularly the reasons presented to the court at the time the request was denied. (*People v. Courts* (1985) 37 Cal.3d 784, 791; *Jeffers*, *supra*, at p. 850.)

### B.     Analysis

Defendant contends the denial of his motion to continue the sentencing hearing violated his state and federal constitutional rights to the effective assistance of counsel because it prevented his attorney from preparing for the proceeding. He contends the failure to permit a continuance prevented his counsel from obtaining postsentencing mitigation, which the court would have been required to consider. He notes the court asked the prosecutor about defendant's postsentencing conduct, but the prosecutor lacked any information and the supplemental probation report did not discuss defendant's postsentencing conduct or have a recommendation. He asserts his counsel could have easily and readily obtained proof of his programming and positive record at the Department of Corrections and Rehabilitation through his "C-File," which could have contained "'laudatory chronos.'"[2] He also contends he was entitled to have his attorney research and argue that the court could reconsider the entire sentence, noting the right to effective assistance of counsel includes the right to have counsel "'understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous'" disposition for him. He contends the alleged error in denying his request for a continuance was prejudicial, but notes "the error here struck at the very heart of [his] ability to show prejudice." However, he asserts there was a reasonable chance of a different result because (1) he could have presented a compelling legal argument he was entitled to an entirely new hearing and (2) the court was clearly interested in his

---

[2]Defendant filed a separate writ of habeas corpus attaching a declaration from his trial counsel and evidence of programming he had completed at the time of resentencing while in prison.

14.

postsentencing conduct. He also contends the denial of his request violated his statutory right to a continuance in violation of section 1050. In support he contends his counsel requested a reasonable amount of time to prepare; this was her first request for a continuance and there was no indication the request was dilatory; there was no indication the prosecution opposed the request for a continuance or that it would have burdened any party or witness; counsel was unprepared to proceed; there was no uncertainty regarding when the proceedings could resume; and a continuance would not have interfered with the efficient administration of justice. The People respond the court properly exercised its discretion in denying defendant's request given the narrow sentencing issue before it that was closely related to the issue raised in defendant's *Romero* motion to strike his prior strike, and in light of the few documents counsel needed to review to prepare. They also note defendant never filed and served the court with written notice of his motion to continue or established good cause for the failure to comply with these procedural requirements. We cannot conclude the court abused its broad discretion in denying defendant's request for a continuance.

In ruling on a motion to continue, the court must consider not only the benefit that the moving party anticipates, but also the likelihood that such benefit will result, the burden on other witnesses, jurors, and the court and, above all, whether substantial justice will be accomplished or defeated by a granting of the motion. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.) The trial court's decision will not be disturbed on appeal in the absence of a clear abuse of discretion. (*Ibid.*; accord, *People v. Beames*, *supra*, 40 Cal.4th at pp. 920–921 ["an order denying a continuance is seldom successfully attacked"; "discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered"].)

Here, the court notified the public defender's office of a hearing set a month earlier; the hearing was then continued until that day. No motion for continuance was filed in advance of the hearing. At the sentencing hearing, after requesting a month-long

15.

continuance, defense counsel acknowledged her office had received notice of the new sentencing hearing. She stated the attorney who represented defendant at trial was no longer with the public defender's office, but counsel did not explain when that attorney left, when she was assigned to the case, or why the procedural requirements for requesting a continuance pursuant to section 1050 had not been followed. And though defense counsel generally stated she wanted to file something in writing, she did not detail specific facts to support a continuance. Rather, she explained she was unfamiliar with the facts of the case and "it's normal procedure for us to appear, to request a continuance, and then for the matter to be brought back after we've provided something in writing."

The court then considered the efforts that went into the hearing, including that it had the probation department prepare a supplemental report, which was "quite an undertaking there to get them on board," and defendant had been transported from the correctional facility to be present. The court acknowledged the "general demand" on everyone, including counsel on both sides and the court, noting "every time we set a hearing over instead of chipping away at the backlog, we're kind of adding to it." The court stated it wanted to proceed for those reasons.

The court then gave counsel an hour to review the documents it considered to be relevant to the issue at hand. Specifically, the court advised counsel it would be appropriate for her to review the original probation report "because there was a strike prior that was at issue at the time," and the factors that are considered by the court in determining whether to strike the strike prior "are essentially the exact same factors that would go into the Court exercising its discretion to strike the five-year prior." The court stated, "So it's pretty much an exercise in just applying all of the factors that were already considered. But instead of the strike prior it will now be applying into the five-year prior, so … it's all laid out … in the probation report." The court told counsel, "[I]f you don't have documents handy, let the clerk know and we'll get them to you." The

16.

parties returned following the recess and argued for and against striking the section 667, subdivision (a)(1) enhancement. The court denied the request to strike the enhancement.

Under these circumstances, we cannot conclude defendant has met his burden of establishing the denial of his request for a continuance constituted a clear abuse of discretion such that it exceeded the bounds of reason. (See *People v. Doolin* (2009) 45 Cal.4th 390, 451 [court was within its discretion to deny continuance where additional evidence would have limited impact, counsel made only a general assertion more time was needed to prepare a defense, provided no explanation why given time was insufficient to prepare, and made no showing he could produce specific, relevant mitigating evidence within a reasonable time]; see also § 1050, subd. (i) ["A continuance shall be granted only for that period of time shown to be necessary by the evidence considered at the hearing on the motion"].)

It is true the trial court may not exercise its discretion "'so as to deprive the defendant or his attorney of a reasonable opportunity to prepare.'" (*People v. Doolin*, *supra*, 45 Cal.4th at p. 450; see *People v. Sakarias* (2000) 22 Cal.4th 596, 646.) But here, the court permitted counsel time to review the records it deemed to be pertinent to the issue presented and provided counsel with those records. Counsel did not discuss additional material she wished to review to permit her to proceed in a competent matter. (Cf. *People v. Fontana* (1982) 139 Cal.App.3d 326, 331 [court abused its discretion in denying continuance where counsel announced he was not ready to proceed at parole revocation hearing and detailed what he believed he had to accomplish to proceed in a competent manner; after 45-minute recess, he represented he had not finished reading necessary documents or had an opportunity to review certain questions and matters in preliminary hearing transcript, and was not prepared to cross-examine victim so would not].) And, notably, as the court acknowledged, a similar inquiry pursuant to section 1385 had previously been conducted at the original sentencing hearing when the court considered whether to grant defendant's *Romero* motion to strike his strike in furtherance

17.

of justice. (See *People v. Pride* (1992) 3 Cal.4th 195, 254 [court may consider whether defendant previously had opportunity to obtain the evidence].) Following the recess, defense counsel argued in support of striking the enhancement in furtherance of justice in light of the age of the strike violation, the nature of many of defendant's prior offenses in that they were drug related, and the fact defendant had not picked up any additional convictions since his conviction. The probation department also reported to the court it did not appear defendant had suffered any further convictions or arrests since his conviction in this case. Given these circumstances and the scope of the hearing, we cannot conclude defendant or his attorney were deprived of a reasonable opportunity to prepare.

Irrespective, a trial court's denial of a motion for continuance does not warrant reversal absent prejudice to the defendant. (See *People v. Doolin*, *supra*, 45 Cal.4th at p. 450; accord, *People v. Laursen* (1972) 8 Cal.3d 192, 204.) And here, even if the court erred in denying the continuance, we cannot conclude defendant has established he was prejudiced by the court's ruling. Indeed, the court specifically advised defense counsel of the information it deemed relevant to its decision, and it cited such information including defendant's criminal background, his lack of success on probation, and the nature of the offense in rendering its decision. While the court inquired into whether defendant sustained additional convictions after sentencing in this matter, the probation department provided the relevant information. The probation officer informed the court defendant had not been arrested or sustained any additional convictions since his conviction in this case, providing evidence of defendant's postsentencing behavior. And defendant previously had an opportunity to present mitigating evidence in support of his *Romero* motion at the original sentencing hearing. Thus, even if defendant could have presented further evidence regarding his subsequent rehabilitative efforts in prison or mitigating circumstances, we cannot conclude another outcome was reasonably likely. (See *People v. Doolin*, *supra*, 45 Cal.4th at p. 450 [no abuse of discretion where continuance was

18.

untimely and unlikely to affect the outcome of the proceedings because evidence sought would have had little impact in light of other extensive evidence].) We also cannot conclude it was reasonably probable the introduction of additional authority to support defendant's argument the court could revisit the entire sentence at the hearing would have made a more favorable outcome reasonably probable. As previously discussed, the matter was remanded for the court to make a threshold determination regarding whether to strike the enhancement. Because the court declined to strike the enhancement, the full resentencing rule did not apply. We also cannot conclude defendant has established the denial of the continuance rendered his attorney's assistance constitutionally ineffective. Rather, "'[t]he record demonstrates neither that counsel performed below the standard of a reasonably competent attorney in arguing the … motion[], nor that the … additional step defendant asserts should have been taken was reasonably likely to affect the result.'" (*People v. Gray* (2005) 37 Cal.4th 168, 225; see *People v. Sakarias*, *supra*, 22 Cal.4th at p. 647.)

For these reasons, we also cannot conclude the denial of defendant's request for a continuance was "so arbitrary as to deny due process." (*People v. Beames*, *supra*, 40 Cal.4th at p. 921.) There are no "'mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' [Citation.] Instead, '[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' [Citations.]" (*Ibid*.) Given the circumstances discussed, particularly counsel's general reasons for the request, as well as the scope of the hearing, and that the court gave counsel the documents it deemed pertinent to the matter before it, time to review the relevant information, and an opportunity to be heard, we cannot conclude the court's denial of defendant's request for a continuance was "so arbitrary as to violate due process."

Accordingly, we reject defendant's contention.

19.

## DISPOSITION

We affirm the judgment.