Filed 9/30/24  P. v. Thomas CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MELVIN JAMES THOMAS,<br><br>    Defendant and Respondent. | 2d Crim. No. B333824<br>(Super. Ct. No. BA223762)<br>(Los Angeles County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on September 17, 2024, be modified as follows:

On page 2, the last sentence in the first full paragraph ("Joseph died from a bullet wound on the left side of his chest") is deleted.

There is no change in the judgment.

GILBERT, P. J.          YEGAN, J.          CODY, J.

Filed 9/17/24  P. v. Thomas CA2/6 (unmodified opinion)
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MELVIN JAMES THOMAS,<br><br>    Defendant and Respondent. | 2d Crim. No. B333824<br>(Super. Ct. No. BA223762)<br>(Los Angeles County) |

Melvin James Thomas appeals a judgment following his resentencing pursuant to Penal Code section 1172.75.[1]  Thomas was represented by counsel during the resentencing hearing, but was not personally present and did not waive his right to be present.  We reverse the judgment and remand for a new resentencing hearing.

*FACTUAL AND PROCEDURAL HISTORY*

In 2003, Thomas was convicted of attempted first degree murder (count 1) and assault with a firearm (count 2), with

---

[1] All statutory references are to the Penal Code.

findings of personal firearm use, personal infliction of great bodily injury, a serious felony and strike conviction, and service of four prior prison terms. (§§ 664, 187, subd. (a), 245, subd. (a)(2), 12022.53, subds. (b)-(d), 12022.7, subd. (b), 667, subd. (a), 667, subds. (b)-(d), 1170.12, subds. (a)-(d), 667.5, subd. (b).)

On September 15, 2001, Thomas and George Joseph argued in a parking lot near Hollywood High School. Thomas entered his vehicle, and Joseph, who was intoxicated, threw a liquor bottle at the windshield of Thomas's vehicle. Joseph then circled Thomas's vehicle. Thomas obtained a firearm from under the seat and fired at Joseph from a close range. Joseph ran and Thomas pursued, firing the weapon three or four more times. Joseph died from a bullet wound on the left side of his chest.

The jury convicted Thomas of attempted first degree murder and assault with a firearm. Allegations of firearm use, infliction of great bodily injury, a prior felony and strike conviction, and service of prior prison terms were found true. On March 19, 2003, the trial court sentenced Thomas to life imprisonment plus 37 years, imposed restitution fines, and awarded Thomas 589 days of presentence custody credit. Two years of the 37-year-term sentence reflected service of two prior prison terms pursuant to then section 667.5, subdivision (b); the court struck the remaining two prison term findings. Thomas appealed and we affirmed the judgment in *People v. Thomas* (June 14, 2004, B166025) [nonpub. opn.].

*Section 1172.75 Resentencing*

In 2023, Thomas filed a petition requesting the trial court to strike the prior prison term findings and resentence him pursuant to section 1172.75. On August 9, 2023, the court held a resentencing hearing. Thomas was represented by counsel but

2

did not personally appear or waive his appearance. Thomas's counsel stated that he had been unable to locate Thomas because Thomas was "not in custody" and was "not showing [up] on the prison list, and so we haven't been able to locate him." The judge remarked, "So he's been released. . . . Ostensibly anyway."

Thomas's counsel then requested the trial court to "strike the priors and then take [the matter] off calendar" but if Thomas is located, the court could place the matter on calendar again. The court noted that it was necessary that Thomas be present to modify the sentence, but it would order the reduction of Thomas's sentence by two years given counsel's request.

Thomas appeals and contends that the trial court prejudicially erred by holding a resentencing hearing in his absence. The Attorney General concedes that Thomas did not knowingly waive his appearance and his absence is not harmless beyond a reasonable doubt.

*DISCUSSION*

Section 1172.75, subdivision (a) provides that any prior prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid. Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) requires the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate

3

disparity of sentences and to promote uniformity of sentencing." (*Id.,* subd. (d)(2).) The court may also consider postconviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.,* subd. (d)(3).)

A criminal defendant's right to be personally present at trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as article I, section 15 of the California Constitution, and sections 977 and 1043. (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.) The right extends to all critical stages of the criminal prosecution, including sentencing and resentencing. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260, superseded by statute as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348 [resentencing is a critical stage because the trial court may reconsider the entire sentence].) The right to be present applies to resentencing hearings held pursuant to section 1172.75. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 673.) Counsel may waive defendant's presence if there is evidence that defendant understood the right he was waiving and the consequences of doing so. (*People v. Davis* (2005) 36 Cal.4th 510, 532 ["At a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so"].)

Here counsel stated that he had been unable to locate defendant.[2] There is no evidence that Thomas knowingly waived his right to be present. Given the nature and scope of resentencing pursuant to section 1172.75, Thomas could have

---

[2] The notice of appeal signed August 30, 2023, by Thomas states that he is an inmate at Corcoran State Prison.

offered favorable testimony on postconviction factors.  (§ 1172.75, subd. (d)(3); *People v. Velasco*, *supra*, 97 Cal.App.5th 663, 674.) The error is not harmless beyond a reasonable doubt.  (*Velasco*, at p. 674.)

*DISPOSITION*

The judgment is reversed and the matter is remanded to the trial court for a new resentencing hearing.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.

5

Craig E. Veals, Judge

Superior Court County of Los Angeles

_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.